UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                               :
AMERICANS FOR PROSPERITY,    :
                                               :
                   Plaintiff,    :
   v.                                        :        Case No. 3:19-cv-14228-BRM-LHG
                                               :
                                               :
GURBIR GREWAL, *in his official capacity* :
*as Attorney General of New Jersey,* et al.,   :        **ORDER**
                                               :
                Defendants.    :
_____:

**THIS MATTER** having been opened to the Court pursuant to Americans for Prosperity's ("Plaintiff" or "AFP") Motion for a Preliminary Injunction (ECF No. 3) enjoining Defendants Gurbir Grewal, Attorney General of New Jersey, Eric H. Jaso, Chairman of New Jersey Election Law Enforcement Commission (or "ELEC"), and two ELEC Commissioners, Stephen M. Holden and Marguerite T. Simon, (collectively, "Defendants") from enforcing New Jersey Senate Bill No. 150 (also known as "S150" or "the Act"), and the Court having heard oral argument on Plaintiff's motion on September 17, 2019, and having considered the parties' submissions, for the reasons set forth in the accompanying Opinion, and for good cause appearing,

    **IT IS** on this 2nd day of October 2019,

    **ORDERED** that Plaintiff's Motion for a Preliminary Injunction (ECF No. 3) is **GRANTED**; and it is further

    **ORDERED** that Defendants and any state officers acting in concert with them, or under their direction or authority, be and hereby are preliminarily enjoined from enforcing the provisions

in New Jersey Senate Bill No. 150 compelling disclosure of donor information and compliance with the Act's reporting requirements for independent expenditure committees; and it is further

**ORDERED** that, neither party having addressed the implications on this Motion of Fed. R. Civ. P. 65(c), pursuant to which "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained," and the ultimate decision of the issue being within the discretion of the trial judge, *Scanvec Amiable Ltd. v. Chang*, 80 F. App'x 171, 177 (3d Cir. 2003), and the Third Circuit recognizing that public-interest cases may represent an exception to the strict requirements of Rule 65(c), *Temple Univ. v. White*, 941 F.2d 201, 218 n.25 (3d Cir. 1991) (citing *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 803 n.8 (3d Cir. 1989), and as Defendants did not request a bond requirement and did not present any evidence about potential damages in the event this Court issued a preliminary injunction, and the Court concluding that Defendants would suffer no monetary damage from enforcement of this Order, the Court grants the Motion without requiring the posting of a bond by Plaintiff.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**