**Leon J. Sokol, Esq.**
**CULLEN AND DYKMAN, LLP**
**433 Hackensack Avenue**
**Hackensack, NJ 07601**
**(201) 488-1300**
Attorneys for Intervenor-Applicants
Senate President Stephen M. Sweeney and
Assembly Speaker Craig J. Coughlin

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMERICANS FOR PROSPERITY,**<br><br>          **Plaintiff,**<br><br>     **v.**<br><br>**GUBRIR   GREWAL,   in   his   official capacity   as   Attorney   General   of   New Jersey, et al,**<br><br>          **Defendants.** | Civil Action No. 3:19-CV-14228<br><br>Hon..Brian R. Martinotti, U.S.D.J.<br><br><br>**AFFIRMATION OF LEON J. SOKOL, ESQ. IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO FED. R. CIV. PRO. 24(b) BY INTERVENOR-APPLICANTS SENATE PRESIDENT STEPHEN M. SWEENEY AND ASSEMBLY SPEAKER CRAIG J. COUGHLIN** |

LEON J SOKOL, ESQ., of full age, affirms to the court as follows:

1.     I am an attorney at law of the State of New Jersey and a partner with the law firm of Cullen and Dykman LLP, attorneys for Intervenor-Applicants Senate President Stephen M. Sweeney and Assembly Speaker Craig J. Coughlin, in the above-captioned matter.

2.     Attached hereto as Exhibit "A" is a true and correct copy of the proposed Answer of Intervenor-Applicants Senate President Stephen M. Sweeney and Assembly Speaker Craig J. Coughlin.

3.     Attached as Exhibit "B" is a true and correct copy of a document entitled "Testimony on Senate Bill 1500 [before the] Senate Budget and Appropriations Committee,

January 17, 2019, by Jeff Brindle, Executive Director, New Jersey Election Law Enforcement Commission."

3.      Attached hereto as Exhibit "C" is a true and correct copy of Summary of Legislative History of S1500.

4.      Attached hereto as Exhibit "D" is a true and correct copy of Summary of Legislative History of S150 (enacted as L.2019, c. 124).


I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


/s/   Leon J. Sokol   

Leon J. Sokol


Date:  October 10, 2019

**EXHIBIT A**

Leon J. Sokol, Esq.
**CULLEN AND DYKMAN, LLP**
**433 Hackensack Avenue**
**Hackensack, NJ 07601**
**(201) 488-1300**
Attorneys for Intervenor-Applicants
Senate President Stephen M. Sweeney and
Assembly Speaker Craig J. Coughlin

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **AMERICANS FOR PROSPERITY,** | Civil Action No. 3:19-CV-14228 |
| **Plaintiff,** | Hon..Brian R. Martinotti, U.S.D.J. |
| **v.** | |
| **GUBRIR GREWAL, in his official capacity as Attorney General of New Jersey, et al,** | **PROPOSED ANSWER OF INTERVENOR-APPLICANTS SENATE PRESIDENT STEPHEN M. SWEENEY AND ASSEMBLY SPEAKER CRAIG J. COUGHLIN** |
| **Defendants.** | |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant-Intervenors Senate President Stephen M. Sweeney and Assembly Speaker Craig J. Coughlin (collectively "the Defendant-Intervenors") answer the Complaint of the plaintiff, Americans for Prosperity (hereafter "Plaintiff") as follows:

### PRELIMINARY STATEMENT

1.      Paragraph 1 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same, except to deny that any Defendant or the Defendant-Intervenors undertook any action that was illegal.

2.      Paragraph 2 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

3.      Paragraph 3 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

4.      As to the allegations of Paragraph 4 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

5.      Paragraph 5 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

6.      Paragraph 6 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

7.      Paragraph 7 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

8.      Paragraph 8 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

9.      Paragraph 9 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

10.     As to the allegations of paragraph 10 of the Complaint the Defendant-Intervenors are without knowledge or information sufficient to respond to the allegations contained therein regarding Plaintiff's donors and activities and they leave the Plaintiff to its proofs. The balance of Paragraph 10 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

11.     Paragraph 11 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

2

## PARTIES

12.     As to the allegations of paragraph 12 of the Complaint the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs.

13.     As to the allegations of paragraph 13 of the Complaint the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs.

14.     As to the allegations of paragraph 14 of the Complaint the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs.

15.     The allegations of Paragraph 15 relate to Defendant Attorney General and not to Defendants-Intervenors; accordingly, Defendant-Intervenors leave it to Defendant Attorney General to respond to the allegations set forth in Paragraph 15.

16.     The allegations of Paragraph 16 relate to other Defendants in this litigation and not to Defendants-Intervenors; accordingly, Defendant-Intervenors leave it to the other Defendants to respond to the allegations set forth in Paragraph 16.

## JURISDICTION AND VENUE

17.     The allegations of Paragraph 17 of the Complaint are admitted.

18.     The allegations of Paragraph 18 of the Complaint are admitted.

## FACTS

19.     As to the allegations of Paragraph 19 of the Complaint the cited statute speaks for itself and therefore a response is not necessary to same.

20.     As to the allegations of Paragraph 20 of the Complaint the cited statute speaks for

3

itself and therefore a response is not necessary to same.

21.     Paragraph 21 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

22.     Paragraph 22 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

23.     As to the allegations of Paragraph 23 of the Complaint the cited statute speaks for itself and therefore a response is not necessary to same.

24.     Paragraph 24 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

25.     As to the allegations of Paragraph 25 of the Complaint the cited statute speaks for itself and therefore a response is not necessary to same.

26.     Paragraph 26 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

27.     As to the allegations of Paragraph 27 of the Complaint the cited statute speaks for itself and therefore a response is not necessary to same.

28.     Paragraph 28 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

29.     The allegations of Paragraph 29 of the Complaint are denied.

30.     The allegations of Paragraph 30 of the Complaint are denied except to admit that the prior version of the legislation had been introduced within the past two years.

31.     The allegations of Paragraph 31 of the Complaint are denied.

32.     As to the allegations of paragraph 32 of the Complaint the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs.

33.     The allegations set forth in the first sentence of Paragraph 33 of the Complaint are denied except to admit that the Senate President called for legislation that would require disclosure retroactive to January 2018.  As to the second and third sentences of Paragraph 33 of the Complaint, the cited statute speaks for itself and therefore a response is not necessary to same.

34.     Paragraph 34 is admitted.

35.     As to the allegations of Paragraph 35 of the Complaint the cited document (the Governor's Conditional Veto of S1500) speaks for itself and therefore a response is not necessary to same.

36.     As to the allegations of Paragraph 36 of the Complaint the cited document (the Governor's Conditional Veto of S1500) speaks for itself and therefore a response is not necessary to same.

37.     As to the allegations of Paragraph 37 of the Complaint the cited document (the Governor's Conditional Veto of S1500) speaks for itself and therefore a response is not necessary to same.

38.     As to the allegations of Paragraph 38 of the Complaint the cited document (the Governor's Conditional Veto of S1500) speaks for itself and therefore a response is not necessary to same.

39.     As to the allegations of Paragraph 39 of the Complaint the cited document (the Governor's Conditional Veto of S1500) speaks for itself and therefore a response is not

necessary to same.

40.     Paragraph 40 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

41.     The allegations of Paragraph 41 of the Complaint are denied except to admit that the Legislature passed S150 on June 10, 2019.

42.     As to the allegations of Paragraph 42 of the Complaint the cited document (the Governor's signing statement) speaks for itself and therefore a response is not necessary to same.

43.     As to the allegations of paragraph 43 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 43 amounts to legal argument and therefore a response is not necessary to same.

44.     As to the allegations of paragraph 44 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 44 amounts to legal argument and therefore a response is not necessary to same.

45.     As to the allegations of paragraph 45 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 45 amounts to legal argument and therefore a response is not necessary to same.

46.     As to the allegations of paragraph 46 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 46 amounts to legal argument and therefore a response is not necessary to same.

47.     As to the allegations of paragraph 47 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 47 amounts to legal argument and therefore a response is not necessary to same.

48.     As to the allegations of paragraph 48 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 48 amounts to legal argument and therefore a response is not necessary to same.

49.     As to the allegations of paragraph 49 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 49 amounts to legal argument and therefore a response is not necessary to same.

50.     As to the allegations of paragraph 50 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 50 amounts to legal argument and therefore a response is not necessary to same.

51.     As to the allegations of paragraph 51 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 51 amounts to legal argument and therefore a response is not necessary to same.

52.     As to the allegations of paragraph 52 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this

allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 52 amounts to legal argument and therefore a response is not necessary to same.

53.     As to the allegations of paragraph 53 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 53 amounts to legal argument and therefore a response is not necessary to same.

54.     As to the allegations of paragraph 54 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 54 amounts to legal argument and therefore a response is not necessary to same.

55.     As to the allegations of paragraph 55 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 55 amounts to legal argument and therefore a response is not necessary to same.

## COUNT 1 – FIRST AMENDMENT

56.     Defendant-Intervenors repeat, re-allege and incorporate the allegations in paragraphs 1 – 55 as though fully set forth herein.

57.     Paragraph 57 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

58.     Paragraph 58 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

59.     Paragraph 59 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

8

60.     Paragraph 60 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

61.     Paragraph 61 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

62.     Paragraph 62 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

63.     Paragraph 63 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

64.     Paragraph 64 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

65.     Paragraph 65 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

66.     Paragraph 66 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

67.     Paragraph 67 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

68.     Paragraph 68 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

69.     Paragraph 69 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

## AFFIRMATIVE DEFENSES

1.     The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b) (6) as it fails

9

to state a claim upon which relief can be granted.

2.      Plaintiff has not been denied any right, privilege or immunity secured by the Federal Constitution or laws.

3.      S150 is not unconstitutional on its face.

4.      S150 is not unconstitutional as applied to Plaintiff.

5.      The disclosure and reporting requirements of S150 are subject to the promulgation of rules and regulation by the New Jersey Election Law Enforcement Commission, and such rules and regulations will have the binding force of law.

6.      Without admitting the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant or Defendant-Intevenors.

7.      The claim for injunctive relief is barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions.

8.      Defendant-Intervenors reserve the right to interpose such other defenses as may be warranted after further investigation and discovery.


WHEREFORE, Defendant-Intervenors, Senate President Stephen M. Sweeney and Assembly Speaker Craig J. Coughlin demand judgment against Plaintiff, Americans for Prosperity, dismissing the Complaint with prejudice and for attorney's fees and costs of suit.

/s/   Leon J. Sokol
     Leon J. Sokol
CULLEN AND DYKMAN, LLP
433 Hackensack Avenue
Hackensack, NJ 07601
(201) 488-1300
Attorneys for Defendant-Intervenors
Senate President Stephen M. Sweeney,
and Assembly Speaker Craig J. Coughlin

DATED:  October __, 2019

11

**EXHIBIT B**

**TESTIMONY ON SENATE BILL 1500**

SENATE BUDGET AND APPROPRIATIONS COMMITTEE

January 17, 2019

By: Jeff Brindle, Executive Director

New Jersey Election Law Enforcement Commission

On behalf of the New Jersey Election Law Enforcement Commission, thank you for the opportunity to testify in support of Senate Bill 1500.

The proposed legislation requires disclosure of financial activity by independent, outside groups and raises limits on contributions to candidates and political parties, two priorities of the Commission.

The bill also requires added disclosure of grassroots or issue advocacy lobbying. It expands upon a provision in existing law by requiring disclosure of grassroots lobbying on a more timely basis than under current law.

At the outset let me state that the right to participate in elections and lobbying is protected by the First Amendment. Regarding independent group participation in elections, this right has been bolstered by the U.S. Supreme Court rulings in *Buckley v. Valeo* (1976) and *Citizens United* (2010).

Senate Bill 1500 conforms to *Buckley v. Valeo* and *Citizens United*. It does not attempt to eliminate independent groups or in any way seek to undermine the First Amendment, which protects political speech. Instead, it merely seeks disclosure by these groups, similar to that which is required of political parties and candidates. In fact, *Citizens United*, as well as *Speech Now* (2010) and *Carey* (2011), all endorse disclosure.

1

For my part, allow me to speak some more about the impact of independent groups on our elections in New Jersey and the need for disclosure.

The growing importance of requiring disclosure by independent groups is made clear by reviewing the recent spending spree by these organizations in our Congressional and gubernatorial elections and comparing that spending to that of political parties.

During New Jersey's Congressional campaign this past fall, for example, independent groups spent a record $49 million. At the same time, state and county party committees spent just $8.1 million. If we then look back at the first decade of the new century it becomes clear that a complete reversal in fortunes between parties and independent organizations has taken place.

Sixteen years ago, independent groups spent little or nothing while political parties spent $34 million.

Now turning to the 2017 gubernatorial and legislative elections, independent groups spent $47.5 million while state and county parties spent $27 million, or $20 million less than the outside groups.

Further, this growing influence of independent groups over the state's elections is not limited to state-wide electoral activity either. Independent groups have spent significant amounts in municipal elections as well. And this spending by independent organizations at the local level has likewise affected municipal party committees in the same way that it has impacted state and county parties. In 2017, municipal party committees spent $4.4 million. Ten years before, in 2007, these local parties spent $8.4 million.

2

The above are just a few examples of recent independent group activity that suggest that these groups are becoming increasingly influential over elections at all levels of government in New Jersey.

Without reform, New Jersey's electoral landscape will be transformed in ways that undermine the public interest.

To be sure, history has shown that you can't get money out of politics. It always finds its way into the political system. So, the best way to deal with the issue of money in politics is to pass laws that change the direction of the flow of that money; in other words, by passing legislation that assures that money flows toward accountable parties and candidates and away from less accountable independent groups.

Reforms in New Jersey in 1993 and pay-to-play reforms in 2006 have proven that statutory change alters the direction and flow of money in politics. This can be seen throughout the whole history of campaign finance law.

For example, in 1993, reforms stemming from the Rosenthal Commission strengthened the party system in New Jersey whereas the pay-to-play law, enacted in 2006 did just the opposite. It weakened the traditional party system by directing money away from the parties. The pay-to-play law encouraged public contractors, for instance, to direct their contributions toward special interest PACs and independent groups and away from parties and candidates.

Senate Bill 1500 represents a good start toward again redirecting the flow of money, this time toward more accountable political parties and candidates. It also brings about greater balance between parties, candidates, and independent groups by adopting similar disclosure requirements.

Beyond their legal responsibility to disclose their financial activity, political parties are regulated by statute, even to the point of mandating how they are to be organized. Further, parties link citizens to their government, organize government, are a broad coalition of people, and are a guide to voting.

Independent groups do none of these things. In a word, independent groups have not been regulated in the same way that parties and candidates have been and are therefore gaining considerable advantage in influencing the outcome of elections in New Jersey.

Senate Bill 1500 accomplishes two important goals. First, it goes far toward enhancing trust in government by opening a window toward the activities undertaken by outside groups. Through requiring disclosure by these groups, the public interest is served by bringing greater transparency to the processes of elections and government.

Second, Senate Bill 1500 redresses the increased disadvantage faced by parties and by candidates themselves. While insuring the First Amendment protections of independent organizations it also represents an important step in restoring the traditional roles of parties and candidates, something which is in the best interest of the public.

In terms of issue advocacy lobbying, which can easily blend into the area of electioneering activity, the bill makes more timely the reporting of communications directed toward the general public.

Thank you again for this opportunity to address the Committee about this important piece of legislation and to urge its passage.

**EXHIBIT C**

**New Jersey State Legislature**

| home | site map | what's new | faq | links | help | contact us |

### GENERAL INFO
Our Legislature
Legislative Process
Historical Info
Public Info Assistance
State House Tours

### MEMBERS
Find your Legislator
Legislative Leadership
Legislative Roster
Seating Charts

### DISTRICTS
Districts by Number
District Map
Municipalities Index

### BILLS
Bills 2018-2019
Prior Sessions
Bills Subscription
  Service

### COMMITTEES
Senate Committees
  - Committee Aides
Assembly Committees
  -Committee Aides
Joint Committees
Committee Groups
Legislative
  Commissions
Senate Nominations

### LAWS and CONSTITUTION
Statutes
Chapter Laws
Constitution

### RULES
Senate
General Assembly

### ETHICS
Conflicts of Interest
  Law
Code Of Ethics
Financial Disclosure
Termination or
  Assumption of
  Public Employment
  Form
Formal Advisory
  Opinions
Contract Awards
Joint Rule 19
Ethics Tutorial

### CONTINUING LEGAL EDUCATION for LEGISLATIVE ATTORNEYS
CLE Registration
  Form
Certification for
  CLE Ethics Credit
CLE Presentation
  Schedule

### LEGISLATIVE PUBLICATIONS
Legislative Calendar
Legislative Digest
Legislative LDOA
Budget and Finance
Audit Reports
Legislative Reports
Public Hearing
  Transcripts
Glossary

## Bills 2018-2019

**S150 Concerns disclosure requirements by independent expenditure committees.**

### Bills and Joint Resolutions Signed by the Governor

Identical Bill Number: S1500   (5R)
A100 A1524
Last Session Bill Number: A3902
S2430

Singleton, Troy  as Primary Sponsor
Greenstein, Linda R.  as Primary Sponsor
Zwicker, Andrew  as Primary Sponsor
Benson, Daniel R.  as Primary Sponsor
Sumter, Shavonda E.  as Primary Sponsor
Bramnick, Jon M.  as Co-Sponsor

6/10/2019 Introduced, 1st Reading without Reference, 2nd Reading
6/10/2019 Emergency Resolution (31-0) (Greenstein)
6/10/2019 Passed by the Senate (35-0)
6/10/2019 Received in the Assembly without Reference, 2nd Reading
6/10/2019 Substituted for A100
6/10/2019 Emergency Resolution (66-5-0) (Zwicker)
6/10/2019 Passed Assembly (Passed Both Houses) (68-0-4)
6/17/2019 Approved P.L.2019, c.124.

Introduced - - 30 pages PDF Format   HTML Format
Advance Law - - 29 pages PDF Format   HTML Format
Pamphlet Law - - 20 pages PDF Format   HTML Format

**Session Voting:**
Sen.  6/10/2019 - EMERGENCY - Yes {31} No {0} Not Voting {9}   - Roll Call
Sen.  6/10/2019 - 3RDG FINAL PASSAGE - Yes {35} No {0} Not Voting {5}   - Roll Call
Asm. 6/10/2019 - SUB FOR A100 - Yes {0} No {0} Not Voting {80} Abstains {0} - Voice Vote Passed
Asm. 6/10/2019 - EMERGENCY - Yes {66} No {5} Not Voting {9} Abstains {0} - Roll Call
Asm. 6/10/2019 - 3RDG FINAL PASSAGE - Yes {68} No {0} Not Voting {8} Abstains {4} - Roll Call

**home | back** to NJ State Legislature Bill Search

**EXHIBIT D**

| home | site map | what's new | faq | links | help | contact us |

**GENERAL INFO**
Our Legislature
Legislative Process
Historical Info
Public Info Assistance
State House Tours

**MEMBERS**
Find your Legislator
Legislative Leadership
Legislative Roster
Seating Charts

**DISTRICTS**
Districts by Number
District Map
Municipalities Index

**BILLS**
Bills 2018-2019
Prior Sessions
Bills Subscription
  Service

**COMMITTEES**
Senate Committees
  - Committee Aides
Assembly Committees
  -Committee Aides
Joint Committees
Committee Groups
Legislative
  Commissions
Senate Nominations

**LAWS and
CONSTITUTION**
Statutes
Chapter Laws
Constitution

**RULES**
Senate
General Assembly

**ETHICS**
Conflicts of Interest
  Law
Code Of Ethics
Financial Disclosure
  Termination or
    Assumption of
    Public Employment
    Form
Formal Advisory
  Opinions
Contract Awards
Joint Rule 19
Ethics Tutorial

**CONTINUING LEGAL
EDUCATION
for LEGISLATIVE
ATTORNEYS**
CLE Registration
  Form
Certification for
  CLE Ethics Credit
CLE Presentation
  Schedule

**LEGISLATIVE
PUBLICATIONS**
Legislative Calendar
Legislative Digest
Legislative LDOA
Budget and Finance
Audit Reports
Legislative Reports
Public Hearing
  Transcripts
Glossary

## Bills 2018-2019

### S1500 ScaScaSaAcaSa (5R) Requires disclosure by independent expenditure committees.**

**Received by the Senate**

Identical Bill Number: S150   A100 A1524

Last Session Bill Number: A3902   S2430

Singleton, Troy   as Primary Sponsor
Greenstein, Linda R.   as Primary Sponsor
Zwicker, Andrew   as Primary Sponsor
Benson, Daniel R.   as Primary Sponsor
Sumter, Shavonda E.   as Primary Sponsor
Gopal, Vin   as Co-Sponsor
Weinberg, Loretta   as Co-Sponsor
Thompson, Samuel D.   as Co-Sponsor
Stack, Brian P.   as Co-Sponsor
Turner, Shirley K.   as Co-Sponsor
DeAngelo, Wayne P.   as Co-Sponsor
Mukherji, Raj   as Co-Sponsor
Chiaravalloti, Nicholas   as Co-Sponsor
Schepisi, Holly T.   as Co-Sponsor
Johnson, Gordon M.   as Co-Sponsor
McKnight, Angela V.   as Co-Sponsor
McKeon, John F.   as Co-Sponsor
Jasey, Mila M.   as Co-Sponsor

2/1/2018 Introduced in the Senate, Referred to Senate State Government, Wagering, Tourism & Historic Preservation Committee
1/17/2019 Transferred to Senate Budget and Appropriations Committee
1/17/2019 Reported from Senate Committee with Amendments, 2nd Reading
1/24/2019 Recommitted to Senate Budget and Appropriations Committee
1/28/2019 Reported from Senate Committee with Amendments, 2nd Reading
1/31/2019 Senate Amendment (31-0) (Singleton)
2/21/2019 Passed by the Senate (31-0)
2/25/2019 Received in the Assembly, Referred to Assembly State and Local Government Committee
3/18/2019 Transferred to Assembly Appropriations Committee
3/18/2019 Reported out of Assembly Comm. with Amendments, 2nd Reading
3/25/2019 Substituted for A1524 (1R)
3/25/2019 Motion To Aa (DiMaso)
3/25/2019 Motion To Table (53-24-0) (Greenwald)
3/25/2019 Passed by the Assembly (60-1-17)
3/25/2019 Received in the Senate, 2nd Reading on Concurrence
3/25/2019 Concur by Senate Amendments (33-0) (Singleton)
3/25/2019 Received in the Assembly, 2nd Reading on Concurrence
3/25/2019 Passed Assembly (Passed Both Houses) (66-2-8)
5/13/2019 Conditional Veto, Received in the Senate

Introduced - - 43 pages PDF Format    HTML Format
Statement - SBA 1/17/19 - 3 pages PDF Format    HTML Format
Reprint - - 45 pages PDF Format    HTML Format
Reprint - - 45 pages PDF Format    HTML Format
Statement - SBA 1/28/19 1R - 3 pages PDF Format    HTML Format
Floor Statement - Senate 1/31/19 2R - 1 pages PDF Format    HTML Format
Reprint - - 45 pages PDF Format    HTML Format
Statement - AAP 3/18/19 3R - 3 pages PDF Format    HTML Format

**Summary of Enactments**

**Disclaimer/ Privacy Policy**


OPRA | Open Public Records Act

**Submit an OPRA request**

Reprint - - 45 pages PDF Format  HTML Format
Reprint - - 45 pages PDF Format  HTML Format
Floor Statement - Senate 3/25/19 4R - 1 pages PDF Format  HTML Format
Veto - Conditional Veto - 20 pages PDF Format  HTML Format

**Committee Voting:**
SBA  1/17/2019 - r/Sca - Yes {12}  No {0}  Not Voting {0}  Abstains {0} -  Roll Call
SBA  1/28/2019 - r/Sca - Yes {12}  No {0}  Not Voting {0}  Abstains {0} -  Roll Call
AAP  3/18/2019 - r/Aca - Yes {8}  No {0}  Not Voting {2}  Abstains {1} -  Roll Call

**Session Voting:**
Sen.  1/31/2019 - 2ND READING  - Yes {0}  No {0}  Not Voting {40}  - Voice Vote Passed
Sen.  1/31/2019 - AMEND - Yes {31}  No {0}  Not Voting {9}  -  Roll Call
Sen.  2/21/2019 - 3RDG FINAL PASSAGE  - Yes {31}  No {0}  Not Voting {9}  -  Roll Call
Asm.  3/25/2019 - SUB FOR A1524 Aca  - Yes {0}  No {0}  Not Voting {80}  Abstains {0} - Voice Vote Passed
Asm.  3/25/2019 - MOTION TAB MOTION  - Yes {53}  No {24}  Not Voting {3}  Abstains {0} - Roll Call
Asm.  3/25/2019 - 3RDG FINAL PASSAGE  - Yes {60}  No {1}  Not Voting {2}  Abstains {17} - Roll Call
Sen.  3/25/2019 - CONCUR ASMB AM/AM  - Yes {33}  No {0}  Not Voting {7}  -  Roll Call
Asm.  3/25/2019 - CONCUR IN SA  - Yes {66}  No {2}  Not Voting {4}  Abstains {8} -  Roll Call

**home | back** to NJ State Legislature Bill Search

Document Formats Used on this Site • email for Legislative Info • email Webmaster
©2018 New Jersey Office of Legislative Services