MARINO, TORTORELLA & BOYLE, P.C.

ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE

———————

ROSEANN BASSLER DAL PRA*
EREZ J. DAVY*

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

888 SEVENTH AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10019
TELEPHONE (212) 307-3700
FAX (212) 262-0050

*OF COUNSEL

e-mail: kmarino@khmarino.com

October 14, 2019

**VIA ECF**

Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
Clarkson S. Fisher Building &
    United States Courthouse
402 East State Street
Trenton, NJ 08608

Honorable Lois H. Goodman, U.S.M.J.
United States District Court
Clarkson S. Fisher Building &
    United States Courthouse
402 East State Street
Trenton, NJ 08608

> Re:  *Americans for Prosperity v. Gurbir Grewal, et al.*
>       No. 3:19-cv-14228-BRM-LHG

Dear Judges Martinotti and Goodman:

Together with Quinn Emanuel Urquhart & Sullivan, LLP, we represent Plaintiff, Americans for Prosperity ("AFP"), in this action. On behalf of AFP, we write respectfully in response to the motion to intervene filed by Senate President Stephen M. Sweeney and Assembly Speaker Craig J. Coughlin ("Intervenor-Applicants"). AFP takes no position on the Intervenor-Applicants' motion to intervene and does not intend to file a brief in opposition, but offers observations for the sake of ensuring this Court is duly advised in the premises.

AFP's forbearance from opposing is predicated on Intervenor-Applicants' representation that they "will not cause any delay to current proceedings before the Court." (ECF No. 41-1 at 10.) AFP understands their representation to mean, at a minimum, that Intervenor-Applicants agree to be bound by the Court's prior decisions and orders in this matter—including the Court's preliminary injunction opinion and order—and will not move for reconsideration or appeal those decisions.[1] Given that Intervenor-Applicants did not seek to intervene until after the Court issued

---

[1]   In the sports wagering case cited by Intervenor-Applicants, (ECF No. 41-1 at 8 (citing *Nat'l Collegiate Athletic Ass'n v. Christie*, 61 F. Supp. 3d 488, 491, n.1 (D.N.J. 2014))), Senator Sweeney and then-Assembly Speaker Sheila Y. Oliver more clearly and specifically represented that their intervention "w[ould] in no way delay . . . progress or disrupt the disposition of" a pending motion for summary judgment and a pending motion to dismiss, because they "d[id] not intend to file separate motions at this stage of the proceedings or to extend briefing beyond" the hearing date for those motions, and they were "willing to stipulate with the existing parties that they will be bound by the decisions rendered by the Court on both pending motions." Br. in Supp.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Brian R. Martinotti, U.S.D.J.
Honorable Lois H. Goodman, U.S.M.J.
October 14, 2019 – Page 2

its preliminary injunction opinion and order, and that the parties are now moving forward into the discovery and merits phase of the case, intervention for the purpose of filing any such motion or appeal would be untimely and liable to pose prejudice and delay, thereby contravening the requirements for permissive intervention under FED. R. CIV. P. 24(b).  AFP further understands Intervenor-Applicants' representation to indicate that they will not otherwise cause any undue delay or prejudice during the course of the litigation.

Although AFP takes no position on Intervenor-Applicants' motion, their decision to intervene appears suspect for several reasons.  *First*, there is no apparent reason for Intervenor-Applicants to intervene.  The Attorney General—representing both himself *and the members of the Election Law Enforcement Commission* ("ELEC")—has vigorously defended S150 to date and has not altered his position.  Lest there be any doubt, the Court specifically commended Defendants' counsel for the demonstrable quality of their representation and arguments.  (Sept. 17, 2019 Oral Arg. Tr. (ECF No. 38) at 95:6-9.)

Nor do Intervenor-Applicants claim that their interests diverge in any way from those of the existing Defendants.  *See Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982) ("[W]here, as here, the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be 'undue.'").  Notably, beyond vaguely stating that "they are clearly interested in the subject matter and outcome of this lawsuit," because it "challenges the constitutionality of a statute recently enacted by the Legislature," (ECF No. 41-1 at 3), Intervenor-Applicants provide no specific explanation why they have any greater interest in the outcome of this lawsuit than any other New Jersey resident.  Instead, Intervenor-Applicants merely represent that they will bring a "distinct perspective" to the litigation.  (*Id*. at 2.)  Whatever their "distinct perspective," however, Intervenor-Applicants do not identify any argument they propose to make that has yet to be raised by the existing Defendants.[2]

---

of Mot. for Leave to Intervene, ECF No. 75-1, at 5, *Nat'l Collegiate Athletic Ass'n v. Christie*, Case No. 12-cv-4947 (D.N.J.).

[2]   Notably, the only "legislative history" Intervenor-Applicants cite explaining the purpose of S150 is the written testimony submitted by the Executive Director *of ELEC*.  (*See* ECF No. 41-1 at 6 (citing Sokol Aff., Ex. B (Testimony of Jeffrey Brindle)).)   Considering that the same testimony was also cited by the existing Defendants in their opposition to the motion for preliminary injunction, (*see* Decl. of Stuart M. Feinblatt in Supp. of Defs.' Opp. to Pl.'s Mot. for a Prelim. Inj., ECF No. 29-1, Ex. 2), and that ELEC is itself represented among the party Defendants, it is unclear what these Intervenor-Applicants propose to add.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Brian R. Martinotti, U.S.D.J.
Honorable Lois H. Goodman, U.S.M.J.
October 14, 2019 – Page 3

*Second*, there is no good reason why the Intervenor-Applicants waited until now to intervene. Their motion comes after extensive, intensive proceedings culminating in this Court's issuance of an opinion and order granting AFP's motion for a preliminary injunction. The Court's opinion and order followed an in-person hearing and a briefing schedule that extended over two months. This is a high-profile case involving a bill that was itself the subject of a high-profile, extended standoff between the Governor and the Legislature. Intervenor-Applicants do not deny that they have been acutely aware of this lawsuit since the day it was filed. Indeed, their papers confirm as much. No justification is apparent for why the Intervenor-Applicants would have waited weeks, much less months, to intervene while maintaining—as now set forth in their papers—they had a distinct or essential role to play here.

*Third*, Intervenor-Applicants argue that they should be permitted to intervene under FED. R. CIV. P. 24(b)(2)(A), but that Rule, by its terms, does not apply to them. Rule 24(b)(2)(A) permits intervention by a "state governmental officer or agency . . . if a party's claim or defense is based on . . . a statute or executive order *administered by the officer or agency*." *Id*. (emphasis added); *see also McHenry v. Comm'r*, 677 F.3d 214, 220 (4th Cir. 2012) ("To satisfy the requirement that it *administers* the statute" under FED. R. CIV. P. 24(b)(2)(A), a government officer or agency "must demonstrate that it manages, directs, or supervises the application of" the statute.). Yet Intervenor-Applicants are not charged with administering S150—rather, the Attorney General and ELEC are, and they are actively participating and zealously represented as party Defendants.

*Fourth*, Intervenor-Applicants do not purport to act on behalf of the entire New Jersey Legislature. No resolution authorizes them to intervene on behalf of the Legislature, and nowhere in their brief do Intervenor-Applicants otherwise indicate that they are acting under authorization or request from the entire Legislature. Instead, without addressing the issue explicitly, Intervenor-Applicants emphasize prior New Jersey state case law holding that "***a resolution is not required to confer standing on the Senate President to further the Senate's institutional interests through litigation***." (ECF No. 41-1at 8 (quoting *In re Governor Christie's Appointment*, 95 A.3d 780, 787 (N.J. Super. Ct. App. Div. 2014)) (emphasis supplied by Intervenor-Applicants).) But that by no means establishes that standing has been conferred here, let alone that the Attorney General is unequipped to handle the defense or that individual legislators truly have distinct factual or legal contributions to make in this case.

*Fifth*, it is surprising that Intervenor-Applicants have not sought to intervene in either *ACLU v. Grewal*, Case No. 19-cv-17807 (D.N.J.), or *Illinois Opportunity Project v. Holden*, Case No. 19-cv-17912 (D.N.J.), parallel cases that involve overlapping challenges posing the same core issue of whether S150 is unconstitutional. It follows that Intervenor-Applicants have indistinguishable legal interests in those cases, too, and that they would bring to bear the same "distinct perspective." Yet they have not intervened in either. Indeed, if these Intervenor-Applicants truly meant what their papers say, they should be no less keen to intervene and make

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Brian R. Martinotti, U.S.D.J.
Honorable Lois H. Goodman, U.S.M.J.
October 14, 2019 – Page 4

the same points as against the ACLU.  To the extent applicants may be using this litigation in a bid for attention, that is neither appropriate under the governing rules nor a good use of judicial and party resources.

Nevertheless, given the commitments made by the Intervenor-Applicants and the absence of any real prospect that they can alter the First Amendment imperatives correctly identified by this Court, AFP does not want to burden the Court with motions practice at this time and will not be opposing intervention.

Thank you for your consideration of this submission.

Respectfully yours,

/s/ Kevin H. Marino

Kevin H. Marino

cc:      All counsel of record