**Leon J. Sokol, Esq.**
**CULLEN AND DYKMAN, LLP**
**433 Hackensack Avenue**
**Hackensack, NJ 07601**
**(201) 488-1300**
Attorneys for Defendants-Intervenors
Senate President Stephen M. Sweeney and
Assembly Speaker Craig J. Coughlin

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMERICANS FOR PROSPERITY,** | Civil Action No. 3:19-CV-14228 |
| **Plaintiff,** | Hon. Brian R. Martinotti, U.S.D.J. |
| **v.** | Hon. Lois H. Goodman, U.S.M.J. |
| **GUBRIR GREWAL, in his official capacity as Attorney General of New Jersey, et al,** | **ANSWER OF DEFENDANTS-INTERVENORS SENATE PRESIDENT STEPHEN M. SWEENEY AND ASSEMBLY SPEAKER CRAIG J. COUGHLIN** |
| **Defendants.** | |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants-Intervenors Senate President Stephen M. Sweeney and Assembly Speaker Craig J. Coughlin (collectively "Defendants-Intervenors") answer the Complaint of the plaintiff, Americans for Prosperity (hereafter "Plaintiff") as follows:

### PRELIMINARY STATEMENT

1.     Paragraph 1 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same, except to deny that any Defendant or the Defendants-Intervenors undertook any action that was illegal.

2.      Paragraph 2 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

3.      Paragraph 3 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

4.      As to the allegations of Paragraph 4 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

5.      Paragraph 5 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

6.      Paragraph 6 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

7.      Paragraph 7 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

8.      Paragraph 8 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

9.      Paragraph 9 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

10.      As to the allegations of paragraph 10 of the Complaint the Defendant-Intervenors are without knowledge or information sufficient to respond to the allegations contained therein regarding Plaintiff's donors and activities and they leave the Plaintiff to its proofs. The balance of Paragraph 10 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

11.      Paragraph 11 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

2

**PARTIES**

12.     As to the allegations of paragraph 12 of the Complaint the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs.

13.     As to the allegations of paragraph 13 of the Complaint the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs.

14.     As to the allegations of paragraph 14 of the Complaint the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs.

15.     The allegations of Paragraph 15 relate to Defendant Attorney General and not to Defendants-Intervenors; accordingly, Defendant-Intervenors leave it to Defendant Attorney General to respond to the allegations set forth in Paragraph 15.

16.     The allegations of Paragraph 16 relate to other Defendants in this litigation and not to Defendants-Intervenors; accordingly, Defendant-Intervenors leave it to the other Defendants to respond to the allegations set forth in Paragraph 16.

**JURISDICTION AND VENUE**

17.     The allegations of Paragraph 17 of the Complaint are admitted.

18.     The allegations of Paragraph 18 of the Complaint are admitted.

**FACTS**

19.     As to the allegations of Paragraph 19 of the Complaint the cited statute speaks for itself and therefore a response is not necessary to same.

20.     As to the allegations of Paragraph 20 of the Complaint the cited statute speaks for

3

itself and therefore a response is not necessary to same.

21.     Paragraph 21 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

22.     Paragraph 22 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

23.     As to the allegations of Paragraph 23 of the Complaint the cited statute speaks for itself and therefore a response is not necessary to same.

24.     Paragraph 24 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

25.     As to the allegations of Paragraph 25 of the Complaint the cited statute speaks for itself and therefore a response is not necessary to same.

26.     Paragraph 26 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

27.     As to the allegations of Paragraph 27 of the Complaint the cited statute speaks for itself and therefore a response is not necessary to same.

28.     Paragraph 28 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

29.     The allegations of Paragraph 29 of the Complaint are denied.

30.     The allegations of Paragraph 30 of the Complaint are denied except to admit that the prior version of the legislation had been introduced within the past two years.

31.     The allegations of Paragraph 31 of the Complaint are denied.

32.     As to the allegations of paragraph 32 of the Complaint the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the

Plaintiff to its proofs.

33.     The allegations set forth in the first sentence of Paragraph 33 of the Complaint are denied except to admit that the Senate President called for legislation that would require disclosure retroactive to January 2018.   As to the second and third sentences of Paragraph 33 of the Complaint, the cited statute speaks for itself and therefore a response is not necessary to same.

34.     Paragraph 34 is admitted.

35.     As to the allegations of Paragraph 35 of the Complaint the cited document (the Governor's Conditional Veto of S1500) speaks for itself and therefore a response is not necessary to same.

36.     As to the allegations of Paragraph 36 of the Complaint the cited document (the Governor's Conditional Veto of S1500) speaks for itself and therefore a response is not necessary to same.

37.     As to the allegations of Paragraph 37 of the Complaint the cited document (the Governor's Conditional Veto of S1500) speaks for itself and therefore a response is not necessary to same.

38.     As to the allegations of Paragraph 38 of the Complaint the cited document (the Governor's Conditional Veto of S1500) speaks for itself and therefore a response is not necessary to same.

39.     As to the allegations of Paragraph 39 of the Complaint the cited document (the Governor's Conditional Veto of S1500) speaks for itself and therefore a response is not necessary to same.

40.     Paragraph 40 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

41.     The allegations of Paragraph 41 of the Complaint are denied except to admit that the Legislature passed S150 on June 10, 2019.

42.     As to the allegations of Paragraph 42 of the Complaint the cited document (the Governor's signing statement) speaks for itself and therefore a response is not necessary to same.

43.     As to the allegations of paragraph 43 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 43 amounts to legal argument and therefore a response is not necessary to same.

44.     As to the allegations of paragraph 44 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 44 amounts to legal argument and therefore a response is not necessary to same.

45.     As to the allegations of paragraph 45 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 45 amounts to legal argument and therefore a response is not necessary to same.

46.     As to the allegations of paragraph 46 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 46 amounts to legal argument and therefore a response is not necessary to same.

47.     As to the allegations of paragraph 47 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in

Paragraph 47 amounts to legal argument and therefore a response is not necessary to same.

48.     As to the allegations of paragraph 48 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 48 amounts to legal argument and therefore a response is not necessary to same.

49.     As to the allegations of paragraph 49 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 49 amounts to legal argument and therefore a response is not necessary to same.

50.     As to the allegations of paragraph 50 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 50 amounts to legal argument and therefore a response is not necessary to same.

51.     As to the allegations of paragraph 51 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 51 amounts to legal argument and therefore a response is not necessary to same.

52.     As to the allegations of paragraph 52 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 52 amounts to legal argument and therefore a response is not necessary to same.

53.     As to the allegations of paragraph 53 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this

allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 53 amounts to legal argument and therefore a response is not necessary to same.

54.    As to the allegations of paragraph 54 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 54 amounts to legal argument and therefore a response is not necessary to same.

55.    As to the allegations of paragraph 55 of the Complaint regarding Plaintiff the Defendant-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiff to its proofs. The balance of the allegations set forth in Paragraph 55 amounts to legal argument and therefore a response is not necessary to same.

## COUNT 1 – FIRST AMENDMENT

56.    Defendant-Intervenors repeat, re-allege and incorporate the allegations in paragraphs 1 – 55 as though fully set forth herein.

57.    Paragraph 57 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

58.    Paragraph 58 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

59.    Paragraph 59 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

60.    Paragraph 60 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

61.    Paragraph 61 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

62.     Paragraph 62 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

63.     Paragraph 63 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

64.     Paragraph 64 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

65.     Paragraph 65 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

66.     Paragraph 66 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

67.     Paragraph 67 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

68.     Paragraph 68 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

69.     Paragraph 69 of the Complaint does not contain factual allegations and instead contains legal argument and therefore a response is not necessary to same.

## **AFFIRMATIVE DEFENSES**

1.     The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b) (6) as it fails to state a claim upon which relief can be granted.

2.     Plaintiff has not been denied any right, privilege or immunity secured by the Federal Constitution or laws.

3.     S150 is not unconstitutional on its face.

4.    S150 is not unconstitutional as applied to Plaintiff.

5.    The disclosure and reporting requirements of S150 are subject to the promulgation of rules and regulation by the New Jersey Election Law Enforcement Commission, and such rules and regulations will have the binding force of law.

6.    Without admitting the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants or Defendants-Intevenors.

7.    The claim for injunctive relief is barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions.

8.    Defendants-Intervenors reserve the right to interpose such other defenses as may be warranted after further investigation and discovery.


WHEREFORE, Defendants-Intervenors, Senate President Stephen M. Sweeney and Assembly Speaker Craig J. Coughlin, demand judgment against Plaintiff, Americans for Prosperity, dismissing the Complaint with prejudice and for attorney's fees and costs of suit.


/s/   Leon J. Sokol
      Leon J. Sokol
CULLEN AND DYKMAN, LLP
433 Hackensack Avenue
Hackensack, NJ 07601
(201) 488-1300
Attorneys for Defendant-Intervenors
Senate President Stephen M. Sweeney,
and Assembly Speaker Craig J. Coughlin


DATED:  December 16, 2019