## MARINO, TORTORELLA & BOYLE, P.C.

ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
————
ROSEANN BASSLER DAL PRA*
EREZ J. DAVY*
WAN CHA

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

888 SEVENTH AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10019
TELEPHONE (212) 307-3700
FAX (212) 262-0050
e-mail: kmarino@khmarino.com
*OF COUNSEL

December 23, 2019

**VIA ECF**
Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
   District of New Jersey
Clarkson S. Fisher Building
    & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

        Re:   *Americans for Prosperity v. Gurbir Grewal, et al.*
             No. 3:19-cv-14228-BRM-LHG

Dear Judge Martinotti:

On behalf of Plaintiff, Americans for Prosperity ("AFP"), we write in response to Defendants' December 20, 2019 letter requesting an extension of time to February 14, 2020 to file a joint proposal for further proceedings in this action. As Defendants' letter notes, AFP cannot agree to Defendants' request for the simple reason that Defendants have not agreed that AFP will not be prejudiced by doing so. For the reasons set forth below, AFP respectfully requests that the Court (a) grant an extension of no more than two weeks, until Friday, January 3, 2020, for Defendants to file an Answer; and (b) schedule a status conference at the earliest opportunity thereafter so that the parties and the Court can discuss a schedule enabling prompt resolution of this action without further delay.

AFP has already gone to great lengths to accommodate Defendants' serial requests to elongate the schedule. Defendants' Answer was originally due on July 18, 2019—more than five months ago. Yet AFP consented to a schedule under which Defendants would file their Answer 30 days after the Court decided AFP's motion for preliminary injunction. After the Court issued its decision, AFP agreed to Defendants' request for another extension, one of nearly two months (50 days), to file their Answer. And now, in light of the holidays, AFP is willing to agree to one more extension, this one for an additional 14 days.

That noted, AFP was willing to agree to Defendants' request for a much longer extension—until February 14, 2020—if only Defendants gave AFP assurances that they would not use that extension to prejudice AFP. Specifically, AFP asked Defendants to agree that they would not argue that any intervening legislation (or other similar development) that might arguably moot this case and prevent entry of final judgment stands to negate AFP's entitlement to attorneys' fees based on the successful relief and result it has already obtained. By refusing to

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Brian R. Martinotti, U.S.D.J.
December 23, 2019 – Page 2

agree to that condition, Defendants are effectively reserving the right to leverage their elongation of the schedule and delay of final judgment against them to AFP's detriment.   As accommodating as AFP has been in assenting to Defendants' requests for extension, it cannot continue in this vein at its own direct expense.   Accordingly, AFP must respectfully urge that delays be put to a stop and that this litigation promptly proceed to final judgment.

In civil rights cases under Sections 1983 and 1988, "the 'prevailing party' . . . is normally awarded attorneys' fees, absent special circumstances."  *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 232 (3d Cir. 2008) ("*PAPV*"); 42 U.S.C. § 1988.   There is no denying Plaintiffs' success to date in obtaining precisely the relief they requested, which Defendants made essential by insisting on defending the statute at issue and refusing to consent to a stay.   The risk now is that Defendants might nonetheless argue that Plaintiffs are not entitled to attorneys' fees in light of the passage of intervening legislation during any further delay in this litigation.   Notably, Defendants have made their instant proposal to further delay resolution of this case to, as they say, "give the Legislature a further opportunity to amend the statute at issue." AFP has reason to be concerned that, when and if such legislation materializes, Defendants might advance the argument (however misconceived) that AFP is not a "prevailing party" on the theory that new legislation has mooted this case before it could reach final judgment.

That argument is unavailing, and neither AFP nor the Court should have to wrestle with it after indulging Defendants' numerous extensions, which serve only to forestall a final judgment in AFP's favor.   The Supreme Court has recognized that final judgment is unnecessary so long as there is "'a resolution of the dispute which changes the legal relationship between [the plaintiff] and the defendant'" and that change is "the product of judicial action." *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 228 (3d Cir. 2011) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)).   In *PAPV*, the Third Circuit further held that "42 U.S.C. § 1988 allows a plaintiff to be the 'prevailing party' when it achieves relief on the merits of its claims in the form of a preliminary injunction, but does not secure a final judgment in its favor." *PAPV*, 520 F.3d at 228–29.  Subsequently, in *Singer*, an *en banc* panel of the Third Circuit held that the "merits requirement" for a prevailing party claim "is difficult to meet in the context of TROs and preliminary injunctions, as the plaintiff in those instances needs only to show a *likelihood* of success on the merits (that is, a reasonable chance, or probability, of winning) to be granted relief," 650 F.3d at 229–30, as opposed to the "two formal resolutions" of cases—"(1) enforceable judgments on the merits and (2) court-ordered consent decrees"—that clearly satisfy the "merits" requirement, *id*. at 231.  *Singer* distinguished *PAPV*, in large part, on the ground that the *PAPV* district court determined "that the challenged law (or application of the law) was unconstitutional," *id*. at 230, unlike in *Singer,* where the district court entered a TRO but "did not enter a preliminary injunction or any other order on the merits of the case" and "the issues were not resolved as the result of a court order," *id*. at 228.

Here, the Court's issuance of a preliminary injunction undeniably entitles AFP to an award of attorneys' fees.  This case falls squarely within the ambit of *PAPV* and *Singer* poses no

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Brian R. Martinotti, U.S.D.J.
December 23, 2019 – Page 3

impediment to awarding fees, especially because the Court has made clear that the law at issue is facially unconstitutional and due to be struck down: "In reviewing S150, the Court concludes the plain text does not reveal 'a substantial relation between the disclosure requirement and a sufficiently important governmental interest.'" *Americans for Prosperity v. Grewal*, 2019 WL 4855853, at *16 (D.N.J. Oct. 2, 2019) (quoting *Doe v. Reed*, 561 U.S. 186, 196 (2010)). The Court recognized that no other court has upheld a disclosure regime when "faced [with] a statute with the breadth of S150. Indeed, the Court sees few, if any, limitations in the Act." *Id*. at *16. The Court also walked through the limitations that Defendants asserted should save the statute and found them "expansive," *id*. at *16, "troubling," *id*. at *17, and "no limitation at all," *id*. Moreover, these limitations had a "tenuous" relationship with New Jersey's stated aims, *id*., and "ignore[d] the teachings of *Citizens United*," *id*. at *18. Importantly, the Court reached its holding based on a construction of the statute that leaves no path forward for Defendants other than to abandon or overhaul the law, concluding that "there is no practical difference in whether the language of the Act is interpreted narrowly, as advocated by Defendants, or read broadly, as Plaintiff does, or solely by the plain language of the 'final product' that resulted from the Senate's drafting." *Id*. at *15.

Under these circumstances, intervening legislation cannot possibly cancel AFP's status as a prevailing party and its corresponding entitlement to recover attorneys' fees. Defendants should have no difficulty agreeing that they will not argue otherwise under *Singer*. That Defendants nonetheless have refused to so agree is telling and concerning. In essence, Defendants want the benefit of repeated delays of this litigation while reserving the right to turn those delays against AFP and prejudice AFP's claim for fees. Unless and until Defendants offer appropriate assurances on this issue, AFP is left with no choice but to seek to move this case forward expeditiously to final judgment.

For these reasons, AFP respectfully requests that the Court grant Defendants an extension of no more than 14 days, until January 3, 2020, to serve their Answer, and also respectfully requests that the Court schedule a status conference as soon as possible thereafter to set a schedule for arriving at final judgment.

Thank you for your consideration of this submission.

Respectfully yours,

/s/ Kevin H. Marino

Kevin H. Marino

cc:    All counsel of record