GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants
    Gurbir Grewal, Eric H. Jaso, Stephen M. Holden, and Marguerite T. Simon

By:    Stuart M. Feinblatt
        Assistant Attorney General
        (609) 376-3202
        Stuart.Feinblatt@law.njoag.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMERICANS FOR PROSPERITY**, | Hon. Brian R. Martinotti, U.S.D.J. |
| Plaintiff, | Civil Action No. 19-cv-14228 |
| v. | |
| **GURBIR GREWAL**, in his official capacity as Attorney General of New Jersey, **ERIC H. JASO**, in his official capacity as Chairperson of the New Jersey Election Law Enforcement Commission, **STEPHEN M. HOLDEN**, in his official capacity as Commissioner of the New Jersey Election Law Enforcement Commission, and **MARGUERITE T. SIMON**, in her official capacity as Commissioner of the New Jersey Election Law Enforcement Commission, | **ANSWER AND AFFIRMATIVE DEFENSES** |
| Defendants. | |

1

Defendants, Gurbir Grewal, Eric H. Jaso, Stephen M. Holden, and Marguerite T. Simon, hereinafter referred to as "Answering Defendants," by way and through the undersigned counsel, hereby respond to the allegations as set forth in Plaintiff's Complaint and by way of Answer to the same state:

## INTRODUCTION

1. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent that this paragraph contains factual allegations, they are hereby denied except as to the legislative background on Senate Bill No. 150 described in footnote 1.

2. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

3. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of the cited statute ("S150"), the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

4. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150,

the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

5. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

6. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

7. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

8. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

9. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

10. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

11. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

## PARTIES

12. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

13. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

14. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

15. Admitted as to the Attorney General enforcing only criminal violations of S150. Denied as to the Attorney General enforcing civil violations of S150, which

generally is the role of the Election Law Enforcement Commission, pursuant to N.J.S.A. 19:44A-22(b) to (d).

16. Admitted.

## JURISDICTION AND VENUE

17. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

18. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

## FACTS

### I. Senate Bill No. 150

19. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

20. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

21. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

22. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

23. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

24. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

25. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

26. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

27. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

28. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

## II. The Act's Legislative History

29. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

30. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph except to admit that a similar bill had been introduced in the Senate in 2016.

31. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

32. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

33. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of legislation, the documents speaks for themselves, and Answering Defendants deny the allegations to the extent that they are inconsistent with the documents.

34. Admitted.

35. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of the conditional veto of S1500, the conditional veto speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the conditional veto.

36. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of the conditional veto of S1500, the conditional veto speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the conditional veto.

37. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of the conditional veto of S1500, the conditional veto speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the conditional veto.  As to any remaining allegations of fact in this paragraph, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

38. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of the conditional veto of S1500, the conditional veto speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the conditional veto.

39. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of the conditional veto of S1500, the conditional veto speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the conditional veto.

40. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the statute.

41. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph except to admit that S150 was passed by the Assembly and Senate on June 10, 2019, and signed into law by Governor Murphy on June 17, 2019.

42. To the extent, the allegations of this paragraph seek to paraphrase or characterize the contents of Governor Murphy's signing statement, the signing statement speaks for itself, and Answering Defendants deny the allegations to the extent that they are inconsistent with the signing statement.

### III. The Act's Effect on Americans for Prosperity

43. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left

to its proofs. To the extent this paragraph calls for conclusions of law, no responsive pleading is required.

44. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs. To the extent this paragraph calls for conclusions of law, no responsive pleading is required.

45. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs. To the extent this paragraph calls for conclusions of law, no responsive pleading is required.

46. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs. To the extent this paragraph calls for conclusions of law, no responsive pleading is required.

47. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs. To the extent this paragraph calls for conclusions of law, no responsive pleading is required.

48. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left

to its proofs. To the extent this paragraph calls for conclusions of law, no responsive pleading is required.

49. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

50. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

51. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

52. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

53. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

54. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

55. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

## COUNT I – FIRST AMENDMENT
**(Pursuant to 28 U.S.C. §§ 2201, 2202; 42 U.S.C. §§ 1983, 1988)**

56. Answering Defendants repeat and incorporate by reference the answers to all previous paragraphs as though fully set forth herein.

57. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

58. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

59. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

60. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

61. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

62. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

63. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

64. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

65. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

66. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

67. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

68. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

69. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

## PRAYER FOR RELIEF

WHEREFORE, Answering Defendants demand judgment dismissing the Complaint with prejudice and any other relief the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

Answering Defendants are immune from suit for damages.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Stuart M. Feinblatt, Assistant Attorney General, is hereby designated as trial counsel.

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge, information and belief that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. However, challenges to S150 have been made on similar and other grounds in the following actions: <u>American Civil Liberties Union of New Jersey, et al. v. Gurbir S. Grewal, et al.</u>, No. 19-cv-17807 (BRM) (LHG), and <u>Illinois Opportunity Project v. Stephen M. Holden, et al.</u>, No. 19-cv-17912 (BRM) (LHG).

        Respectfully submitted,

        GURBIR S. GREWAL
        ATTORNEY GENERAL OF NEW JERSEY

By:   <u>/s/ Stuart M. Feinblatt</u>
      Stuart M. Feinblatt
      Assistant Attorney General

DATED: January 3, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of January, 2020, the foregoing was filed electronically with the Clerk of the Unites States District Court via the Court's Case Management and Electronic Case Filing (CM/ECF) System and was served upon all counsel of record via Electronic Case Filing.

By: /s/ Stuart M. Feinblatt
Stuart M. Feinblatt
Assistant Attorney General

Dated: January 3, 2020