GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants

By: Stuart M. Feinblatt
    Assistant Attorney General
    (609) 376-3202
    Stuart.Feinblatt@law.njoag.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMERICANS FOR PROSPERITY,**<br><br>    Plaintiff,<br><br>v.<br><br>**GURBIR S. GREWAL**, in his official capacity as Attorney General of New Jersey, **ERIC H. JASO**, in his official capacity as Chairperson of the New Jersey Election Law Enforcement Commission, **STEPHEN M. HOLDEN**, in his official capacity as Commissioner of the New Jersey Election Law Enforcement Commission, and **MARGUERITE T. SIMON**, in her official capacity as Commissioner of the New Jersey Election Law Enforcement Commission,<br><br>    Defendants. | Civil Action No. 19-cv-14228 (BRM)<br><br>**CONSENT ORDER CONVERTING PRELIMINARY INJUNCTION INTO FINAL JUDGMENT PERMANENTLY ENJOINING ENFORCEMENT OF P.L. 2019, c. 124** |

THIS MATTER having been brought before the Court by agreement of Kevin H. Marino, Esq., and Derek L. Shaffer, Esq., counsel for Plaintiff Americans for Prosperity ("AFP"), and Gurbir S. Grewal, Attorney General of New Jersey, by Stuart M. Feinblatt, Assistant Attorney General, counsel for Defendants Gurbir S. Grewal, in his official capacity as Attorney General of New Jersey, Eric H. Jaso, in his official capacity as Chairperson of the New Jersey Election Law Enforcement Commission ("ELEC"), and Stephen M. Holden and Marguerite T. Simon, in their official capacity as Commissioners of ELEC (together, "Defendants"); and it appearing by the signatures affixed below that the parties agree; and for good cause shown; and

WHEREAS the New Jersey Legislature passed S150 on June 10, 2019, and the legislation was enacted as P.L. 2019, c.124 ("the Act") on June 17, 2019, upon the signature of Governor Murphy (the term "the Act" does not include the pre-amendment provisions of Title 19, Chapter 44A of the New Jersey Statutes); and

WHEREAS the Act defines the term "independent expenditure committee" and imposes certain legal requirements on entities that qualify as independent expenditure committees; and

WHEREAS on June 25, 2019, AFP filed a Complaint against Defendants in the United States District Court, District of New Jersey, Docket No. 3:19-cv-14228-BRM-LHG, challenging the Act under the First Amendment to the United States Constitution; and

WHEREAS the Court entered an Opinion and Order on October 2, 2019 preliminarily enjoining the enforcement of the Act insofar as it imposes any legal requirement on any "independent expenditure committee" ( ECF Nos. 39 & 40); and

WHEREAS the parties hereto agree to the conversion of the Preliminary Injunction into a final judgment enjoining enforcement of the Act in accordance with the terms set forth herein and the parties further agree to address the recovery of legal fees and costs associated with this litigation at a later date; THEREFORE, IT IS on this 18 day of March 2020,

**ORDERED** that:

1. The Preliminary Injunction entered in this case on October 2, 2019, is hereby converted to a permanent injunction;

2. The Act is permanently enjoined insofar as it imposes any legal requirement on any "independent expenditure committee," as defined in the Act, including AFP and its employees or agents;

3. Defendants, and any state officers acting in concert with Defendants or under Defendants' direction or authority, shall not take any action to enforce, or direct the enforcement of, the Act against any "independent expenditure committee" as defined in the Act, including AFP and its employees and agents, in any respect;

4. AFP and its employees and agents shall not be required to take any action related to the Act;

5. Defendants, and any state officers acting in concert with Defendants or under Defendants' direction or authority, shall not seek to hold any "independent expenditure committee," including AFP or its employees or agents, liable for any alleged noncompliance with the Act; and

6. Nothing in this consent order prevents further action by the Legislature to enact, promulgate and enforce future legislation on the subjects addressed by or related to the Act, nor does it prevent action by ELEC to enact, promulgate and enforce regulations in connection with any such future legislation; similarly, nothing in this consent order prevents or bars AFP from seeking relief from any future legislation and regulations as it sees fit; and

7. Recovery of legal fees and costs shall be addressed by the Court at a later date.

_____
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

We hereby consent to the form, content, and entry of this Order.

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Stuart M. Feinblatt
Stuart M. Feinblatt
Assistant Attorney General
Attorney for Defendants

DATED: March 17, 2020


By: /s/ Kevin H. Marino
Kevin H. Marino, Esq.
Attorney for Plaintiff
Americans for Prosperity

DATED: March 17, 2020


By: /s/ Derek L. Shaffer
Derek L. Shaffer, Esq.
Attorney for Plaintiff
Americans for Prosperity

DATED: March 17, 2020